AO 102 (01/09)  Application for a Tracking Warrant   (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>A BLACK 2016 ACURA SEDAN,<br>OHIO LICENSE PLATE NUMBER JIX9268,<br>VIN # 19UUB2F33GA004140 | Case No.  1:21-mj-516 |

**APPLICATION FOR A TRACKING WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841(a)(1) & 846__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☐ X  I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A BLACK 2016 ACURA SEDAN, OHIO LICENSE PLATE NUMBER JIX9268, VIN # 19UUB2F33GA004140

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Maggie Reagan*
Applicant's signature

SA Maggie A. Reagan, DEA
Applicant's printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__via FaceTime video__  *(specify reliable electronic means).*

Date: **Jun 30, 2021**

City and state: Cincinnati, Ohio

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **IN THE MATTER OF THE TRACKING OF THE BLACK 2016 ACURA SEDAN, OHIO LICENSE PLATE NUMBER JIX9268, VIN # 19UUB2F33GA004140** | Case No. 1:21-mj-516<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Maggie A. Reagan, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a **black 2016 Acura** bearing temporary Ohio license plate number **M428335** and vehicle identification number **19UUB2F33GA004140** ("the **SUBJECT VEHICLE**"). Based on the facts set forth in this affidavit, I believe that the **SUBJECT VEHICLE** is presently being used in furtherance of violating Title 21 U.S.C. §§ 841(a)(1) and 846, and that there is probable cause to believe that the installation of a tracking device on the **SUBJECT VEHICLE** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Special Agent with the U.S. Drug Enforcement Administration (DEA), assigned to the Cincinnati District Office (CDO). As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a DEA Special Agent since March 2020. Prior to becoming a DEA Special Agent, I was a Special Agent with the Department of Homeland Security, Homeland Security

Investigations (HSI), for one year. I have completed training at the Federal Law Enforcement Criminal Investigator Training Academy, the HSI Special Agent Academy, and the DEA Basic Agent Academy. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18, of the United States Code.

3. I have received specialized training from both HSI and DEA on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate drug violations.

4. As an HSI and DEA Special Agent, I have participated in numerous criminal investigations and have executed search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code). These warrants covered the search of locations to include: residences of drug traffickers and their co-conspirators/associates, drug manufacturing operations, stash houses used as storage and distribution points for controlled substances, as well as the search of Facebook profiles, e-mail accounts, and mobile telephones. Additionally, I am working closely on this investigation with other DEA Special Agents and Task Force Officers.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## **PROBABLE CAUSE**

6. The United States, including the Drug Enforcement Administration (DEA), is conducting a criminal investigation of a subject known as Eric Jason CLARK and other unidentified subjects regarding possible violations of Title 21 U.S.C. §§ 841(a)(l) and 846.

7. On May 5, 2021, DEA Cincinnati District Office (CDO) agents received information from the DEA Los Angeles Field Division (LAFD) that a LAFD confidential source (CS) was in contact with an Unidentified Male (identified on May 11, 2021 as Eric CLARK) who was interested in purchasing ten kilograms of cocaine from the LAFD CS for $33,000 per kilogram. The LAFD stated that CLARK was in the Cincinnati area and provided telephone number 513-667-8601.

8. On May 6, 2021, The Honorable Robert P. Ruehlman, Hamilton County Common Pleas Court Judge, authorized a GPS ping for telephone number 513-667-8601.

9. On May 7, 2021, a CDO agent, acting in an undercover (UC) capacity, contacted CLARK at telephone number 513-667-8601, in an effort to set up a future drug transaction. During the telephone conversation, the UC introduced a CDO CS, as the UC's contact in the Cincinnati area.

10. Later that same date, the CS telephonically contacted CLARK. During the conversation, the CS and CLARK discussed meeting in person on May 11, 2021, to discuss the future drug transaction.

11. On May 11, 2021, at approximately 12:00 p.m., CDO agents met the CS at a neutral location, in anticipation of a meeting between the CS and CLARK. According to the CS, CLARK directed the CS to meet him/her at the Kenwood mall near Cincinnati. The CS was fitted with a covert audio/video transmitter and recorder to record the meeting between the CS and CLARK.

12. At approximately 12:50 p.m., the CS arrived at the Kenwood Towne Centre. At approximately 12:57 p.m., the CS sent a text message to CLARK notifying him of his/her arrival and where to meet the CS.

13. At approximately 1:16 p.m., TFO Charles Vanover observed the CS walk from his/her vehicle into The Container Store, while talking on his/her cell phone. At approximately 1:18 p.m., based on the digital transmitting device, the CS met with CLARK inside the store.

14. At approximately 1:28 p.m., TFO Vanover observed the CS and CLARK exit the store and continue to walk northwest toward the CS's vehicle. CLARK was observed wearing all black pants, a jacket, and sunglasses, with long braids, and carrying a small bag. Both individuals continued to talk upon arriving at the rear of the CS's vehicle. At approximately 1:36 p.m., TFO Vanover observed the CS and CLARK separate. At that time, CLARK began walking east through the parking lot, while the CS proceeded to enter his/her vehicle.

15. At approximately 1:37 p.m., TFO Vanover observed CLARK enter the driver door of a white sedan, back up and exit the parking lot. At that time, mobile surveillance was initiated on CLARK. While exiting the parking lot of the Kenwood Town Centre, TFO Charles Whitford observed CLARK driving a 2016 white Acura bearing temporary Ohio License Plate L491704, registered to Eric J Clark (CLARK's son), 2222 Seven Hills Drive, Cincinnati, Ohio.

16. Immediately following the CS's departure from the Kenwood Town Centre, agents followed the CS to a safe location. During a debriefing with the CS regarding the meet with CLARK, the CS stated that CLARK said he is very cautious when operating his drug business. CLARK stated that if a shipment of controlled substances were to arrive later than expected, or if the controlled substances are of poor quality, he would not accept the shipment. The CS stated that CLARK indicated that he wanted a shipment of fentanyl, calling it "china." CLARK also told the CS that he changes telephones often, adding that in the past he has changed his telephone after two (2) days of use. CLARK showed the CS five (5) telephones that he had

4

with him, and further stated that the one he had been using to communicate with the CS was used solely for the CS. Based on my training and experience, it is common for drug traffickers to use multiple phones as well as change phones frequently in order to avoid detection from law enforcement. The CS also informed agents that CLARK stated that he will be traveling to the Turks and Caicos Island on May 14, 2021, and returning on May 17, 2021.

17. On May 13, 2021, SA David Zummach and SA Maggie Reagan spoke with United States Probation Officer Marquita Howard concerning CLARK. Agents learned that CLARK began reporting to U.S. Probation in December 2019, following his release from federal custody. Officer Howard stated that CLARK reported his residence as 1202 Linn Street, #209, Cincinnati, Ohio, his mother's home. Additionally, CLARK provided 513-415-4109 to Officer Howard as his telephone number.

18. On May 19, 2021, Honorable Stephanie K. Bowman, United States Magistrate Judge, signed an order, case number 1:21-mj-431, authorizing the GPS tracking of a white 2016 Acura Sedan which is being operated by CLARK.

19. On May 21, 2021, at approximately 9:01 a.m., GPS location data placed CLARK in the area of 4747 Circle Drive, Fairfield, Ohio, a residence agents have established to be associated with CLARK. At approximately 9:42 a.m., surveillance was established in the area and observed a 2016 black Acura bearing temporary Ohio License Plate M428335, registered to Eric J. Clark Jr., 11434 Kary Lane, Cincinnati, Ohio (herein referred to as **SUBJECT VEHICLE**), parked on the street in front of 4747 Circle Drive. At approximately 9:51 a.m., surveillance observed CLARK standing at the trunk of the **SUBJECT VEHICLE** wearing a white tank top and jeans. At approximately 9:54 a.m., CLARK opened the trunk of the **SUBJECT VEHICLE** and put a white piece of paper inside. CLARK then proceeded to walk back into the residence at 4747 Circle Drive. Immediately following, CLARK was observed walking out of the residence and getting into the driver side of the **SUBJECT VEHICLE**. At

approximately 10:05 a.m., surveillance observed the **SUBJECT VEHICLE** depart from the residence at 4747 Circle Drive. Based on your affiant's training and experience, I know that it is common for those involved in drug trafficking to use multiple vehicles in order to evade detection from law enforcement.

20. On May 21, 2021, the Honorable Stephanie K. Bowman, United States Magistrate Judge, signed an order, case number 1:21-MJ-435, authorizing the GPS tracking of the **SUBJECT VEHICLE**

21. On May 25, 2021, agents initiated surveillance at 4747 Circle Drive, CLARK's residence. Agents were anticipating CLARK leaving the residence for a 10:30 a.m. meeting with his United States Probation Officer in Cincinnati, Ohio. During surveillance, agents noted the **SUBJECT VEHICLE** was no longer bearing temporary registration and was now bearing Ohio registration JIX9268, with the same vin # 19UUB2F33GA004140.

22. At approximately 10:10 a.m., agents observed CLARK exit the residence and enter the **SUBJECT VEHICLE**. Surveillance briefly followed CLARK, but was unable to maintain surveillance due to CLARK exceeding 100 mph speed. Due to agents knowing CLARK had a scheduled meeting with Probation Officer Howard, agents were able to locate the **SUBJECT VEHICLE** in the Fountain Square Parking Garage located at 416 Vine Street, Cincinnati. At approximately 10:55 a.m., agents successfully installed the GPS tracking device on the **SUBJECT VEHICLE**.

23. On June 9, 2021, surveillance was established at 4747 Circle Drive, Fairfield, based on the court-authorized GPS affixed to the **SUBJECT VEHICLE**. At approximately 9:19 a.m., the **SUBJECT VEHICLE** departed the residence. Surveillance followed the **SUBJECT VEHICLE** to the Mother Margaret Hall Nursing Home, located at 5900 Delhi Pike, Mt. St. Joseph, Ohio 45051. At that time, surveillance observed the **SUBJECT VEHICLE** back into a parking spot adjacent to a 2021 Gray Ford F150 bearing Ohio temporary registration M421020,

6

registered to James Glenn, 4464 S Mallard CV, Mason, Ohio. CLARK was observed exiting the **SUBJECT VEHICLE** wearing gray sweat pants and a white tank top. Surveillance observed CLARK open the trunk of the **SUBJECT VEHICLE**, retrieve a black garbage bag and place it into the rear drivers side passenger area of the gray Ford F150. At approximately 10:09 a.m., surveillance observed CLARK depart the parking lot in the gray Ford F150 leaving the **SUBJECT VEHICLE** stationary in the parking lot.

24. On June 15, 2021, at approximately 2:00 p.m., based on the court-authorized GPS affixed to the **SUBJECT VEHICLE**, surveillance was established on CLARK in the area of Kemper Lane and Cross Lane in Cincinnati, Ohio. At approximately 2:01 p.m., surveillance observed a black male, (based on BMV records, agents later identified as Frederico LEWIS), carrying a backpack from the area of 1010 Cross Lane and enter the front passenger seat of the **SUBJECT VEHICLE**. At approximately 2:04 p.m., surveillance observed LEWIS exit the **SUBJECT VEHICLE** and look through a bag on the trunk of a maroon Toyota sedan bearing Ohio registration JGC4819. Surveillance then observed CLARK drive the **SUBJECT VEHICLE** away from the curb. Shortly thereafter, surveillance observed CLARK return in the **SUBJECT VEHICLE** and hand LEWIS a set of car keys through the driver's side window. LEWIS returned to the maroon Toyota sedan and entered the driver's side door.

25. Based on the above documented intelligence, surveillance, and controlled meeting of CLARK, I believe CLARK is a drug trafficker and that CLARK utilizes the **SUBJECT VEHICLE** to facilitate his drug business. Based on my training, experience, and conversations with other law enforcement officers, I believe the location of the **SUBJECT VEHICLE** is vital and necessary for investigators to track CLARK and identify locations utilized by CLARK to store his controlled substances and/or drug proceeds. Furthermore, I believe the location of the **SUBJECT VEHICLE** will allow investigators to establish a criminal pattern and identify associates of CLARK who are also involved in drug trafficking.

26. Based on my observations and the observations and surveillance of other agents, I know that the **SUBJECT VEHICLE** is presently within the Southern District of Ohio.

27. The use of a vehicle tracker is vital and necessary for investigators to track and identify CLARK and others conducting drug transactions and/or transporting large amounts of U.S. Currency, the proceeds from the sales of illegal narcotics. Additionally, the use of an installed vehicle tracker on the above-mentioned **SUBJECT VEHICLE** will allow investigators to establish a criminal pattern and identify associates of the Drug Trafficking Organization.

28. In order to track the movement of the **SUBJECT VEHICLE** effectively and to decrease the chance of detection, I seek authorization to place a tracking device in or on the **SUBJECT VEHICLE** while it is in the Southern District of Ohio. Because the possibility of the **SUBJECT VEHICLE** being parked in driveways and on other private property, it may be necessary to enter onto private property and/or move the **SUBJECT VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device. For example, law enforcement has identified 4747 Circle Drive, Fairfield, Ohio to be a known residence associated with CLARK and a potential place for the **SUBJECT VEHICLE** to be located.

29. To ensure the safety of the executing agent(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours to mitigate the potential danger to the executing officers.

30. In the event the Court grants this application, there will be a periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following the installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

31. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members

of DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the **SUBJECT VEHICLE** within the Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **SUBJECT VEHICLE** after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private property, such as a known address to be associated with CLARK, 4747 Circle Drive, Fairfield, Ohio, and/or move the **SUBJECT VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

32. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

33. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally-deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such

investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully submitted,

*Maggie Reagan*

Maggie A. Reagan
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this __30__ day of June, 2021.

Karen L. Litkovitz
United States Magistrate Judge

10